| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Shanita M. Hopkins<br>162 Neptune Avenue<br>Jersey City, New Jersey 07305<br>(201) 892-4475<br>shanitahopkins@icloud.com<br>*Debtor, Pro Se*<br><br>In Re:<br>**SHANITA M. HOPKINS,**<br>Debtor. | Case No.: 26-12794-JKS<br>Chapter: 13<br>Adv. No.: N/A<br>Hearing Date: June 10, 2026, 11:00 a.m.<br>Judge: Hon. John K. Sherwood, U.S.B.J. |

**REPLY CERTIFICATION OF SHANITA HOPKINS IN FURTHER SUPPORT OF MOTION TO ENFORCE THE AUTOMATIC STAY AND IN OPPOSITION TO THE CROSS-MOTION FOR STAY RELIEF**

I, Shanita Hopkins, of full age, certify under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Debtor and submit this Reply Certification to correct several factual assertions in the Certification of Peter Nakhla and the Opposition of 162 Neptune Avenue, LLC (the "LLC"), and in further support of my Motion.

2. **The LLC's cross-motion and opposition were not properly served.** They were delivered to me by email only, on Saturday, June 6, 2026 — not a business day. To the best of my knowledge they were not served by any non-electronic means. That left me less than four days before the June 10, 2026 hearing to prepare and file a response, including over a weekend during which I, as a self-represented party, could not file with the Court. This improper, weekend, email-only service prejudiced my ability to respond fully to the cross-motion.

3. **No relief from the automatic stay was ever sought or obtained before the deed was transferred.** The LLC does not dispute that no stay-relief order was entered before the

deed transfer. Its papers indicate the deed was transferred without obtaining stay relief, on the view that relief was not needed. The LLC and its counsel had ample opportunity to seek stay relief from this Court before completing the transfer but elected not to do so. Whatever the exact date the deed was executed or recorded, it was done while my Chapter 13 case was open and the automatic stay was in effect, and without an order of this Court.

4. **The LLC's assertion that I did not appeal or seek a stay of Judge Costello's order is incorrect.** I timely pursued appellate relief and sought a stay in connection with the state-court proceedings, including an application filed on or about June 1, 2026. My state-court challenges remain pending and have not been abandoned.

5. **The Superior Court has recognized that the automatic stay applies to the foreclosure, including the sheriff's sale.** On June 5, 2026, the Superior Court of New Jersey, Chancery Division, Hudson County (Hon. Mary K. Costello, P.J.Ch.), entered an Administrative Order in MidFirst Bank v. Hopkins, Docket No. F-4365-25, marking the foreclosure action inactive and stating: "Bankruptcy action filed on March 13, 2026; Automatic stay of proceedings including sheriff sale GRANTED." A copy is annexed as Exhibit C. The state court that conducted the foreclosure has thus recognized that the automatic stay reaches the sheriff's sale — which is fundamentally inconsistent with the LLC's position that it could complete the transfer without first obtaining relief from that stay. The Administrative Order, entered by the same judge who oversaw the foreclosure, reflects the state court's understanding that the bankruptcy stay reached the foreclosure proceedings, including the sheriff sale.

6. **I did not receive notice that the sale would go forward on March 5, 2026.** As reflected in Judge Costello's order, I had been engaged in loss-mitigation/loan-modification efforts and was led to believe the sale would be postponed.

7. My bankruptcy case is active and has not been dismissed. The automatic stay has been continuously in effect since March 13, 2026.

8. **There is a concrete, above-bid opportunity to realize value from the property.** A prospective purchaser has expressed an intent to purchase the property for $625,000 — approximately $173,000 more than the LLC's $452,000 foreclosure bid — and the parties are preparing a formal letter of intent, a current draft of which is annexed as Exhibit A. That amount would be sufficient to satisfy the mortgage payoff and leave value for the estate and other creditors. Any such purchase would be subject to inspection and to Trustee and Bankruptcy Court approval. I will supplement the record with the executed letter of intent and proof of the purchaser's ability to fund. I raise this to show that the outcome the LLC calls "inevitable" is not, and that preserving the status quo protects real value for creditors and the estate.

9. I am not asking this Bankruptcy Court to review, reverse, or set aside Judge Costello's order or the foreclosure judgment. Those are matters for the state courts, where my appeal and stay application are pending. I ask only that this Court enforce its own automatic stay and preserve the status quo.

10. I respectfully ask the Court to enforce the stay, to decline to annul it, and to deny the cross-motion, so that the disputed validity of the sale and the transfer can be determined through proper process rather than ratified after the fact.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 8, 2026
/s/ ____________________________
Shanita Hopkins, Debtor, Pro Se

# EXHIBIT A

Draft Letter of Intent (Unexecuted) to Purchase 162 Neptune Avenue, Jersey City, NJ 07305
Buyer: SGA Management, LLC — Purchase Price: $625,000

In re Shanita M. Hopkins, Case No. 26-12794-JKS (Bankr. D.N.J.)

## LETTER OF INTENT TO PURCHASE REAL PROPERTY

*(Non-Binding — Subject to Definitive Agreement and Bankruptcy Court/Trustee Approval)*

Date: June 9, 2026

This Letter of Intent ("LOI") sets forth the general terms under which the undersigned Buyer proposes to purchase, and the undersigned Seller proposes to sell, the real property described below. This LOI reflects the parties' good-faith intent and is non-binding except as expressly stated in Paragraph 9.

**Property:** 162 Neptune Avenue, Jersey City, New Jersey 07305 (the "Property").

**Buyer:** SGA Management, LLC, 381 Raleigh Road, Rahway, New Jersey 07065.

**Sellers:** Shanita M. Hopkins and Shirley Montgomery, 162 Neptune Avenue, Jersey City, New Jersey 07305, subject to confirmation of authority to convey as set forth below. Seller Shanita M. Hopkins is a debtor in a pending Chapter 13 case (No. 26-12794-JKS).

### PROPOSED TERMS

1. **Purchase Price.** The proposed purchase price is $625,000.00 (six hundred twenty-five thousand dollars), payable at closing in accordance with a definitive purchase and sale agreement.

2. **Deposit / Earnest Money.** Buyer shall deposit $1,000.00 as earnest money within five (5) business days after execution of a definitive agreement, applied to the purchase price at closing.

3. **Inspection.** Buyer is presently conducting, or intends to conduct, an inspection of the Property. The purchase is contingent on Buyer's satisfactory completion of inspection within a period to be set in the definitive agreement.

4. **Title.** The purchase is expressly contingent on Seller's ability to convey marketable, clear title to the Property. The parties acknowledge that title to the Property is presently the subject of pending proceedings, including a sheriff's sale and a deed transfer that are disputed, and that resolution of those matters is a condition of closing.

5. **Bankruptcy Court and Trustee Approval.** This LOI and any resulting sale are expressly subject to the approval of the Chapter 13 Standing Trustee and the United States Bankruptcy Court for the District of New Jersey in In re Shanita M. Hopkins, Case No. 26-12794-JKS, including any sale authorized under 11 U.S.C. § 363 or through a confirmed Chapter 13 plan. No sale shall close without such approval.

6. **Use of Proceeds.** The parties intend that the purchase price be sufficient to satisfy the allowed claims of creditors against the Property and the estate, to account for the funds presently held by the Sheriff of Hudson County in connection with the disputed sale, and to realize the remaining equity in the Property for the benefit of the estate, consistent with the priorities established by the Bankruptcy Code and any order of the Bankruptcy Court.

7. **Closing.** Closing shall occur within ______ days after satisfaction of the contingencies in Paragraphs 3–5, or on such other date as the parties agree and the Bankruptcy Court approves.

8. **Financing.** Buyer intends to fund the purchase by [ ☐ cash / ☐ financing ]. Buyer will provide proof of funds or a lender pre-approval upon request.

9. **Non-Binding Effect.** Except for the parties' agreement to negotiate in good faith toward a definitive agreement, this LOI is non-binding and creates no obligation to complete the transaction. A binding obligation will arise only upon execution of a definitive written purchase and sale agreement and entry of any required approval of the Bankruptcy Court and Trustee. Either party may withdraw before then without liability.

The undersigned execute this Letter of Intent to memorialize their good-faith intent on the terms above.

**BUYER:**

______________________________
SGA Management, LLC
By: [signature]
Name: Stacy Garvin
Title: Authorized Representative
Date: 6-9-26, 2026

**SELLERS:**

[signature]
______________________________
Shanita M. Hopkins, Debtor
Date: 06·9·2026, 2026

Shirley Montgomery
______________________________
Shirley Montgomery
Date: 06·09, 2026

*Note: This is a non-binding letter of intent for the parties to review, complete, and sign themselves. It is not a substitute for a definitive purchase and sale agreement or for legal advice. Any sale of property of a bankruptcy estate requires Trustee and Bankruptcy Court approval.*

# EXHIBIT C

Administrative Order of the Superior Court of New Jersey,
Chancery Division, Hudson County (Hon. Mary K. Costello, P.J.Ch.)
MidFirst Bank v. Hopkins, Docket No. F-4365-25
Dated June 5, 2026 — Filed June 8, 2026

"Automatic stay of proceedings including sheriff sale GRANTED"

In re Shanita M. Hopkins, Case No. 26-12794-JKS (Bankr. D.N.J.)

PREPARED AND FILED
BY THE COURT

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION HUDSON COUNTY
GENERAL EQUITY

FILED
June 8, 2026
Mary K. Costello, P.J. Ch.

| | |
|---|---|
| MIDFIRST BANK,<br>Plaintiff(s),<br>v.<br>SHANITA HOPKINS,<br>Defendant(s). | DOCKET # F-4365-25<br><br>CIVIL ACTION<br>ADMINISTRATIVE ORDER |

This case is no longer an active case in the Chancery Division, Hudson County for the following reason:

| | | |
|---|---|---|
| ________ | Tried to completion (non-jury) | |
| ________ | Default Judgment entered: | (a)_____with proof hearing<br>(b)_____without proof hearing |
| ________ | Summary Judgment granted: | (a)_____with prejudice<br>(b)_____without prejudice |
| ________ | Summary Proceeding completed | |
| ________ | Settled: | (a)_____ Early Settlement Panel/ Mediation<br>(b)_____ During Trial (partially tried)<br>(c)_____ Stipulation of Settlement |
| ________ | Complaint voluntarily withdrawn | |
| ________ | Complaint dismissed: | (a)_____for failure to prosecute<br>(b)_____for failure to appear |
| ________ | Inactive due to: | (a)_____Bankruptcy Court stay<br>(b)_____Appellate Division stay<br>(c)_____Other |
| ________ | Transferred to: | (a)_____Law Division, Hudson County<br>(b)_____Chancery Division, ______Court<br>(c)_____Foreclosure Processing Unit, Superior Court Clerk's Office |

___X_______Other Comments: Bankruptcy action filed on March 13, 2026; Automatic stay of proceedings including sheriff sale GRANTED

*Mary K. Costello*
Mary K. Costello, P.J.Ch.

DATED: June 5, 2026